## THE EARL K.

(District Court, N. D. California, First Division. May 14, 1914.)

### No. 15509.

ADMIRALTY (§ 99*)—DECREES—VALIDITY—JURISDICTION.

While Act March 3, 1893, c. 225, 27 Stat. 751 (U. S. Comp. St. 1901, p. 710), provided that sales of personal property under orders or decrees of the federal courts shall be made in the county where the property is located, unless the court shall deem it best to sell in some other manner, and rule 9 of the admiralty rules (29 Sup. Ct. xl) provides that notice of the arrest of a vessel shall be given by publication, neither of such requirements is jurisdictional, and the sale of a vessel in a county other than where it is located, under a decree in a suit in rem of which no notice was published, will not be set aside on motion of a claimant, who actually had timely notice of both decree and sale, but took no action until the proceeds of the vessel had been distributed and the purchaser had made expensive repairs thereon.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 661–669; Dec. Dig. § 99.*]

In Admiralty. Suit by the Johnson & Joseph Company against the gasoline launch Earl K. On motions of R. H. Clarke, claimant, to set aside sale and default. Denied.

S. C. Wright, of San Francisco, Cal., for libelant.

H. W. Hutton, of San Francisco, Cal., for R. H. Clarke.

DOOLING, District Judge. On December 28, 1913, a libel was filed in this court against the gasoline launch Earl K., and on the same day a monition was issued directing the marshal to attach the said launch, and fixing January 6, 1914, as the day upon which all persons claiming said launch should appear in court and interpose their claims therefor. On December 24, 1913, the marshal filed this monition, with his return thereon, showing that on December 23d he had attached the said launch, and had given due notice to all persons claiming the same that this court would on January 6, 1914, proceed to trial and condemnation thereof, should no claim be interposed for the same, and showing, further, that he had posted a notice of such seizure, together with a copy of the monition, upon said launch (there being no person in charge of her), and that he had placed a keeper in charge. Proclamation was duly made, and, no person appearing to claim said launch, default was entered and the cause referred to the commissioner, to take testimony and report the amount due to libelant. No notice of such seizure or of the return day of the monition was published by the marshal in any paper.

In due time the commissioner's report was filed, and a decree was entered for the amount found to be due, together with costs, and directing a venditioni exponas to issue to the marshal, and ordering him to sell the said launch at public auction, upon giving not less than five days' notice of such sale by publication in the Recorder, a newspaper published daily in the city and county of San Francisco. The marshal published such notice, to the effect that on January 20, 1914, he would

sell the launch at the post office building in San Francisco "as she now lies on the premises of the E. K. Wood Lumber Company, San Rafael, California." San Rafael is in the county of Marin, and the sale was had, as noticed, in the city and county of San Francisco on January 20, 1914, though at the time of the sale the launch was still in the county of Marin. On January 24, 1914, a decree was entered distributing the proceeds of said sale, the proceeds were so distributed, and the case was apparently closed. On April 15th, however, R. H. Clarke filed a notice of motion to set aside the sale, because of inadequacy of the sum for which the launch was sold, and because said sale was not made in the county where the launch was situated; also a motion to set aside and vacate the default and the decree entered thereon, on the ground that the court was without jurisdiction to enter said default and decree, because no notice of the time fixed for the return of the process and the hearing of the cause was ever published in any newspaper in the district, or at all.

It is true that the statute (27 Stat. p. 751) requires that all personal property sold under any order or decree of any court of the United States shall be sold at the courthouse of the county, parish, or city in which the property is located, unless in the opinion of the court rendering the decree it would be best to sell it in some other manner, and upon a timely objection any sale not so made would be set aside by the court. It is also true that rule 9 of the admiralty rules of the Supreme Court (29 Sup. Ct. xl) and rule 2 of the admiralty rules of this court require that the marshal, upon the arrest of a ship, shall cause public notice thereof, and of the time assigned for the return of the process and the hearing of the cause, to be given in such newspaper as the District Court shall order. If this be essential to the jurisdiction of the court, the default and decree herein must be set aside.

It appears that Clarke, the moving party, had actual notice of the arrest of the Earl K. and of the sale some time in January. It further appears that the purchaser has expended $600 in repairs on the launch since he purchased it, and after Clarke had full notice of what had been done. Both motions, therefore, seem to me, under the circumstances, to have been unduly delayed. The moving party had timely notice of the entry of the decree and timely notice of the sale. If he had applied to the court before the proceeds were distributed, and before the purchaser of the launch had expended a considerable sum of money in repairing her, the court would be more disposed to listen to his application. It is quite true that, if the proceedings complained of were absolutely without jurisdiction, this attack upon them would be in time; but I am disposed to adopt the views expressed by the court in Daily v. Doe (D. C.) 3 Fed. 918, as follows:

"While the rules and the practice of the court require notice by publication, these rules and this practice have not the force of statutory requirements, nor do they prescribe such publication as an absolutely essential prerequisite, either to the assumption of jurisdiction or to the exercise of the power of the court to condemn and sell the vessel to satisfy a maritime lien. They are precautionary measures, of the greatest value and importance as such, to prevent possible injustice, and to secure, as far as is consistent with the speedy action of the court in hearing and determining the cause, an actual notice to the parties who have already, by the seizure, constructive notice of

the proceedings. * * * But the 'disregard of the rules in this respect, in whole or in part, through mistake or inadvertence, while it may furnish a most conclusive ground for opening a decree, or, perhaps, for reversing it on appeal, is simply error or irregularity. It does not make the proceedings null and void, or the less binding on all the world. The rules in admiralty prescribed by the Supreme Court are obligatory upon this court, and one of those rules (rule 9) requires notice to be given in a newspaper of every seizure in cases in rem. But the rules, though obligatory, are obligatory only as rules of practice. Their nonobservance is only error, for which the remedy is by appeal, or on application for opening the decree. See Poultney v. La Fayette, 12 Pet. 472, 473 [9 L. Ed. 1161]; also, Fraser v. Prather, 1 Mac-Arthur [8 D. C.] 206, 215."

Neither the decree nor the sale being absolutely void, and the rights of another not a party hereto having intervened, no order will be made disturbing such rights. The motions will therefore be denied.